UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MALCOLM A. SPURLING,

    Petitioner,

v.                                                CASE NO. 6:11-cv-257-Orl-36GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6). Petitioner filed a reply to the response (Doc. No. 8).

Petitioner alleges one claim for relief in his habeas petition. For the following reasons, the petition is denied.

## I. *Procedural History*

On March 1, 2009, Petitioner was arrested in Seminole County, Florida for robberies occurring in that county.[1] (Doc. No. 2-1 at 2.) Petitioner subsequently pled *nolo contendere*

---

[1] One of the robberies occurred on February 28, 2009. (Doc. No. 2-1 at 2.)

to one count of robbery and was sentenced on August 3, 2009, to five-years imprisonment with 153 days credit for time incarcerated prior to the imposition of the sentence. *Id.* at 3-7.

On February 24, 2009, an arrest warrant, issued in Orange County, Florida, for Petitioner's arrest on an unrelated robbery was received by the Orange County Sheriff's Office.[2] (App. B.)  The State Attorney filed an information on March 11, 2009, in the Ninth Judicial Circuit Court of Florida, charging Petitioner with one count of robbery. (App. D.) The arrest warrant was executed, and Petitioner was arrested on the robbery charge on February 10, 2010. (App. B.) Petitioner entered a plea of guilty on February 15, 2010, to the Orange County robbery charge. (App. E.) The trial court sentenced Petitioner to five-years imprisonment with credit for 105 days time served with the sentence to run concurrent to Petitioner's other sentence. *Id.* Petitioner did not appeal his conviction or sentence.

On May 26, 2010, in relation to his Orange County conviction for robbery, Petitioner filed a motion to correct an illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (App. A.) Petitioner argued that his sentence was illegal because the court failed to award him a 153-day credit for the time he was held in Seminole County from March 1, 2009, through August 3, 2009. *Id.* The state court denied the motion. (App. B.) In so ruling, the state court determined that the Orange County arrest warrant was not executed until February 9, 2010, when Petitioner was arrested by Orange County officials. *Id.* at 2.  The state court, therefore, concluded that Petitioner was not entitled to credit for the time he was held in Seminole County on unrelated charges. *Id.* Petitioner appealed,

---

[2]The robbery in Orange County occurred on February 18, 2009. (App. B.)

and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

## II.   *Legal Standards*

### A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct

>governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III.    *Analysis*

Petitioner asserts that his sentence for the Orange County robbery violates due process because the trial court failed to award him jail credit for the time he served in the Seminole County Jail on an unrelated offense. In support of his claim, Petitioner argues that when he was arrested in Seminole County for a robbery which occurred in that county, he was also arrested pursuant to the arrest warrant issued in Orange County for the robbery perpetrated in Orange County. (Doc. No. 2.) Petitioner maintains that the arrest warrant was issued and executed on February 21, 2009. *Id.* at 6.

Federal habeas relief is warranted only to correct injuries resulting from a violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Wainwright v. Goode*, 464 U.S. 78 (1983). "Errors which do not infringe upon federally protected rights

provide no basis for federal habeas corpus relief." *Lightfoot v. Sec'y Dep't. of Corr.*, No. 8:07-cv-2179-T-17TBM, 2009 WL 2973661, *6 (M.D. Fla. 2009). The Eleventh Circuit has held that federal courts may not review a State's purported failure to adhere to its own sentencing procedures. *Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan*, 861 F.2d at 1508. Thus, the instant claim concerning the state court's application of sentencing procedure is not subject to habeas relief.

Furthermore, the Court notes that the instant claim would be subject to denial pursuant to § 2254(d) if considered on the merits. Pursuant to opinions of the Supreme Court of the United States, the Eleventh Circuit has explained:

> As a general rule, a state prisoner has no federal constitutional right to credit for time served prior to sentence absent a state statute granting such credit. *Jackson v. Alabama*, 530 F.2d 1231, 1235 (5th Cir. 1976); *Gremillion v. Henderson*, 425 F.2d 1293, 1294 (5th Cir. 1970). But "[a]n exception to the general rule may be claimed by a criminal defendant who is confined before sentencing because his indigency prevents him from making bond. Because of the Fourteenth Amendment guarantees against wealth discrimination, such a defendant is entitled to credit if he is sentenced to the statutory maximum term for his particular offense." *Martin v. Florida*, 533 F.2d 270, 271 (5th Cir. 1976) (per curiam); *accord Crowden v. Bowen*, 734 F.2d 641, 642 (11th Cir. 1984) (per curiam) ("The equal protection clause does not allow a state to extend a prisoner's sentence beyond the maximum period prescribed by law by refusing to give the prisoner credit for presentencing detention occasioned by the prisoner's financial inability to make bail.").

*Palmer v. Dugger*, 833 F.2d 253, 254 -55 (11th Cir. 1987). A petitioner, therefore, may obtain habeas relief for a sentencing error resulting from the denial of pretrial gain time if "(1) the

5

prisoner is held for a bailable offense; (2) the prisoner is unable to make bail because of indigence; and (3) upon conviction the prisoner is sentenced to the statutory maximum sentence for that offense." *Id.*

In Florida, a statutory right exists to credit for time served prior to trial. *See* Fla. Stat. § 921.161 (providing in pertinent part that the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence). However, a defendant is entitled to receive jail credit only (1) when he "is actually arrested on an outstanding warrant", or (2) when he is held based on an outstanding warrant from one county and unrelated charges from another county and the sentences in those cases are ordered to be served concurrently. *Smith v. State*, 932 So. 2d 594, 595 (Fla. 5th DCA 2006) (citing *Elkins v. State*, 884 So. 2d 499 (Fla. 5th DCA 2004)).

In the instant case, the record reflects that Petitioner was arrested and detained on March 1, 2009, for a robbery occurring in Seminole County. An arrest warrant was issued in Orange County on February 24, 2009. Nevertheless, the warrant was not executed, and Petitioner was not arrested for the Orange County charge, until February 10, 2010. *See* App. B. Thus, pursuant to state law, Petitioner was not entitled to credit on his Orange County sentence for the time he was held in the Seminole County Jail awaiting trial on the charges emanating from Seminole County.

Furthermore, pursuant to Florida Statute, Section 775.082(3)(c), Petitioner was subject to a maximum sentence of fifteen years for his robbery conviction from Orange County. Thus, his sentence of five years was well below the statutory maximum.

Petitioner, therefore, has not demonstrated a constitutional right to credit for time served. Accordingly, this claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.     *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't. of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).  When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934.  However, a prisoner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right.   Thus, the

Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Malcolm A. Spurling is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 17th day of October, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 10/17
Malcolm A. Spurling
Counsel of Record

8